IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRON BROOKS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Civil Action No. 06-1621 |
| ) | Judge Gary L. Lancaster/ |
| STEVE DEVLIN, Owner, Renewal Inc., Penncap ) | Magistrate Judge Amy Reynolds Hay |
| Program; LINDA DAVIN, Director Renewal Inc., ) | |
| Penncap Program; Staff Member CHIPPICH, Re- ) | |
| newal Inc., Penncap Program; and Staff Member ) | |
| KRISTOFIK, Renewal Inc., Penncap Program ) | |
| ) | |
| ) | |
| Defendants ) | |
| ) | |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that the complaint be dismissed pursuant to the screening provisions of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA").

REPORT

At the time of initiating this civil rights action, Mr. Barron Brooks, ("Plaintiff") was apparently a prisoner housed in SCI-Greensburg (according to the information in the IFP application) or possibly at Renewal Inc., Penncap program (since the named defendants were employees of Renewal). Plaintinff initiated this §1983 civil rights action alleging that his constitutional rights were violated when he was not "being permitted one 1 hour of outside recreation a day" on several occasions and also not being permitted to participate in his religious services and participate in Rmadan. Dkt. 3 at 2, ¶IV. C. The only relief Plaintiff requested was to "allow religious services/permit inmates to participate in Ramadan and allow inmates to have recreation periods daily." Dkt. [3] at 3, ¶VI. Liberally construing Plaintiff's pro se complaint, the court understands Plaintiff to be requesting an injunction, which is defined as a "court order

commanding or preventing an action." Black's Law Dictionary, 649 (8th ed. abridged, 2005).

Subsequent to the initiation of this suit, Plaintiff was released from custody. Dkt. [9] (Plaintiff's notice of change of address to private residence).

### *Applicable Legal Principles*

In the PLRA,, Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims in that Act is applicable to this case.

Specifically, 28 U.S.C. §1915(e) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2). Here, Plaintiff has been granted IFP status, Dkt. [2], and, at the time of filing this suit, Plaintiff was a "prisoner"[1] as that term is defined under the PLRA.[2] Thus, Section 1915(e)(2) is applicable herein. Moreover, under Section 1915(e)((2), not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See,

---

[1] See, e.g., In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997)("If a litigant is a prisoner on the day he files a civil action, the PLRA applies."); Colby v. Sarpy County, No. 4:01CV3130, 2006 WL 519396, *1 (D. Neb. March 1, 2006)("The status of the plaintiff at the time the lawsuit is initiated, i.e., whether the plaintiff is incarcerated when the complaint is filed, determines whether the PLRA applies to a case.").

[2] Section 1915 defines the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probations pretrial release, or diversionary program." *See* 28 U.S.C. § 1915(h).

e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000); Nieves v. Dragovich, No. 96 Civ.A. 96-6525, 1997 WL 698490, at *8 (E.D.Pa. Nov. 3, 1997).

In performing a court's mandated function of *sua sponte* reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[3]  Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

*Discussion*

The "rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  Steffel v. Thompson, 415 U.S. 452, 459 n.10 (1974).  Where a plaintiff seeks injunctive relief for prison conditions that he is no longer subject to, there is no longer a live controversy and a court cannot grant that injunctive relief. *See* Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993);  Fortes v. Harding, 19 F.Supp.2d 323, 326 (M.D.Pa. 1998).  In Fortes, an inmate sought declaratory and injunctive relief to prevent the defendants therein from interfering with his right of access to the courts, however at the time of the court's deciding of the case, the inmate had been transferred to another institution.  In finding the inmate's claims for injunctive relief moot, the court in Fortes held as follows:

> [t]he adjudicatory power of a federal court depends upon the "continuing

---

[3] See, e.g., Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134 (E.D. Va.), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

> existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at 459, n. 10.... Fortes has not been confined at FCI-Allenwood since at least April 23, 1998. (See Dkt. Entry 39.).... There is no indication of a reasonable likelihood that he will be returned to FCI-Allenwood in the foreseeable future. Consequently, his requests to enjoin the defendants from interfering with his access to the courts is academic. See Muslim v. Frame, 854 F.Supp. 1215, 1222 (E.D.Pa.1994). In other words, Fortes' transfer to another institution moots any claims for injunctive or declaratory relief. See Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3rd Cir. 1993); Weaver v. Wilcox, 650 F.2d 22, 27 (3rd Cir.1981).

Fortes, 19 F.Supp.2d at 326. The principle that a case becomes moot where a prisoner who seeks injunctive and/or declaratory relief against employees of a facility from which he is transferred at least as to the injunctive and declaratory claims is well established. See, e.g., Marrie v. Nickels, 70 F.Supp.2d 1252, 1259 (D.Kan. 1999) ("Generally, an inmate's transfer to another prison or release moots his request for declaratory or injunctive relief.") (collecting cases). See also Chapdelane v. Keller, No. 95-CV-1126, 1998 WL 357350 (N.D.N.Y. April 16, 1998).

In Chapdelane, the plaintiff-prisoner had been incarcerated at a prison called Ray Brook. The plaintiff-prisoner sought an injunction and declaratory relief against Ray Brook prison officials in order to prevent threats, harassment and intimidation allegedly conducted by them in retaliation for plaintiff-prisoner's attempt to remedy his grievances. However, the plaintiff-prisoner was transferred out of Ray Brook by the time of the decision in the case by the court. In concluding that the plaintiff-prisoner's claims were moot, the court declared that

> [i]n this case, plaintiff is no longer incarcerated at Ray Brook and is no longer housed in a four person cell. He is not subject to any real or imagined "threats, intimidation, or harassment" by the Ray Brook staff. Furthermore, there is no indication that plaintiff's transfer to McKean is temporary or that he will return to Ray Brook. Consequently, plaintiff's request for an injunction that restrains Ray Brook officials from violating his civil rights is moot and should be dismissed....

Id. at *4.

Similarly, Plaintiff herein has sought an injunction preventing officials at Renewal Inc., from interfering with his recreation and with his religious observances but Plaintiff is no longer

4

subject to the control of these officials.  Indeed, although not clear, it is entirely possible that, even at the time he first filed this suit, he was no longer subject to the officials at Renewal Inc., but was in fact, already transferred out of Renewal Inc., and sent back to one of the State Correction Institutions, rendering the case moot even at that time.  In any event, it is clear now that Plaintiff has been released from all custody and is living in a private residence.   Hence, as in Chapdelane, likewise here, Plaintiff's request for injunctive relief against Defendants, to whom he is no longer subject,  is moot.  Thus, on the basis of mootness, Plaintiff's complaint should be dismissed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

          Respectfully submitted,

          /s/ *Amy Reynolds Hay*
          United States Magistrate Judge

Dated: May 15, 2007

cc:    The Honorable Gary L. Lancaster
       United States District Judge

       Barron Brooks
       400 10th Avenue
       Munhall, PA 15120